Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Paul E. Plunkett | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 03 C 9399 | DATE | 12/13/2004 |
| CASE TITLE | Patricia Jackson vs. Retirement Plan for the Continental Corp. | | |

MOTION: [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

DOCKET ENTRY:

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Defendant's motion to dismiss Counts II, III, and IV of plaintiff's second amended complaint (27-1) is granted. Accordingly, Counts II, III, and IV of plaintiff's second amended complaint are dismissed with prejudice.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | DEC 14 2004 | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | 32 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 12/13/2004 date mailed notice | |
| CW | courtroom deputy's initials | Date/time received in central Clerk's Office | CW6 mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

PATRICIA JACKSON and
all others similarly situated,

       Plaintiff,

v.

THE RETIREMENT PLAN FOR
THE CONTINENTAL
CORPORATION or its sucessor,

       Defendant.

No. 03 C 9399
Paul E. Plunkett, Senior Judge

DOCKETED
DEC 14 2004

## MEMORANDUM OPINION AND ORDER

Patricia Jackson ("Plaintiff") has filed a five-count Complaint against the retirement plan for the Continental Corporation ("Defendant" or "Continental Plan") alleging violations of the Employee Retirement Income Security Act of 1974, as amended, ("ERISA"), 29 U.S.C. §§ 1001 *et seq.* Defendant moves to dismiss Counts II, III and IV of the claim pursuant to Federal Rule of Civil Procedure 12(b)(6). In Count II, Plaintiff alleges that Defendant's ten-year vesting requirement for its early retirement benefits violates ERISA provisions that dictate a maximum five-year vesting requirement for retirement benefits. Because we find that the provisions Plaintiff points to do not apply to early retirement benefits, Count II is dismissed. In Count III, Plaintiff alleges that she and others in her class were entitled to full vesting of their benefits when a merger between her employer and another corporation caused a "partial termination" of the Continental Plan. Defendant maintains

that Plaintiff does not have standing to bring the claim because she was already fully vested in her benefits when the alleged termination took place. Because Plaintiff did not suffer an injury in fact, we find that she lacks standing to assert the claim in Count III and that count is dismissed. Finally, Count IV alleges that Defendant miscalculated Plaintiff's retirement award. Defendant requests the claim be dismissed because Plaintiff failed to exhaust all administrative appeal procedures under the Continental Plan. Because we find that Plaintiff's failure to exhaust is not excused, we dismiss Count IV of Plaintiff's complaint, with the understanding that Plaintiff will be permitted to pursue this claim with Defendant through proper administrative procedures.

### Facts

Jackson worked for the Continental Corporation from December 23, 1985 until March 6, 1992. (Pl.'s Compl. Count I ¶ 7.) She returned to work there in August 1993. (*Id.*) In May 1995, Continental Corporation merged with CNA, resulting in substantial layoffs. (*Id.* Count III ¶ 10.) Jackson was able to keep her job, but only if she agreed to be transferred to a location that was unreachable by public transportation. (*See Id.* ¶¶ 11–12.) Thus, Jackson was effectively laid off on June 30, 1995. (*Id.* Count I ¶ 7, Count II ¶ 14.) Defendant is the retirement plan in which Jackson participated during her employ. (*Id.* Count I ¶ 8.) Jackson accrued eight years and one month of service credit while at Continental Corporation. (*Id.* ¶ 9.)

Jackson made several requests for information requesting her pension award after she left Continental Corporation. (*Id.* Count II ¶ 11.) On April 21, 2003, she received a letter from Defendant's representative that Plaintiff claims denied her request for her benefits because she had not completed ten years of service with Continental Corporation. (*Id.* Count III ¶ 12.) The letter,

which is attached to the Complaint, states that Plaintiff's request for *immediate distribution* of her retirement benefit from the Continental Plan was denied. (*Id.* at Ex. A.) The letter also stated that Plaintiff's claim for early distribution of her benefits had been twice denied and further appeals would not be accepted. (*Id.*)

## The Legal Standard

On a Rule 12(b)(6) motion to dismiss, the court accepts as true all well-pleaded factual allegations of the complaint, drawing all reasonable inferences in plaintiff's favor. *Midwest Grinding Co. v. Spitz*, 976 F.2d 1016, 1019 (7th Cir. 1992). No claim will be dismissed unless "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).

## Discussion

### Count II

In Count II, Plaintiff alleges that "[t]he Continental Plan violates 29 U.S.C. [§] 1053 by imposing a ten-year vesting requirement on the Vested Retirement Allowance at Plan Section 3.5." Defendants seek to dismiss this count, complaining that Plaintiff has confused the notion of "vesting" with eligibility to receive payments. We agree. The Continental Plan[1] complies with

---

[1] The contested portion of the Continental Plan reads: <u>Vested Retirement Allowance</u>. A Member who terminates his Employment prior to his Normal Retirement Date, other than by death or retirement on an Early Retirement Allowance, but after the earlier of the date on which he completes five years of Active Service, for Members who are in Active Service on or after January 1, 1989, shall be entitled to receive a Vested Retirement Allowance in an amount per month equal to his Retirement Credit multiplied by his Vesting Percentage, each computed as of the date his Employment terminates. Such Vested Retirement Allowance shall be paid beginning at the Member's Normal Retirement Date, *except that, in the case of a Member who has completed ten years of Active Service at the time his Employment terminates,* such Member may elect, by six months advance written notice to the Administrator, to have

ERISA's requirement that "an employee who has completed at least 5 years of service has a nonforfeitable right to 100 percent of the employee's accrued benefit derived from employer contributions." 29 U.S.C. § 1053(a)(2)(A)(2). In other words, after five years of service, an employee's right to receive her pension is vested. However, that employee may not collect her pension until she reaches the normal retirement date, which under the Continental Plan is after her sixty-fifth birthday. An exception allows an employee with at least ten years of service to receive payments after her fifty-fifth birthday if she retires before that time. Plaintiff argues that this more stringent ten-year service requirement for early retirement benefits violates ERISA.

Plaintiff's argument is predicated on the misconceived notion that because early retirement benefits have been construed as "accrued benefits," § 1053(a)(2)(A)(2) should be read to include early retirement benefits in its vesting requirements. *See Ahng v. Allsteel, Inc.*, 96 F.3d 1033, 1034 (7th Cir.1996) (finding early retirement benefits are accrued benefits for purposes of anti-cutback provisions of ERISA). In other words, because the statute uses the phrase "accrued benefits," Plaintiff suggests that early retirement benefits should be nonforfeitable in all pension plans after only five years of service. She also supplies us with statutory language declaring that "the employee's accrued benefit, or the accrued benefits derived from contributions made by an employer, as the case may be, shall be the actuarial equivalent of such benefit." 26 U.S.C. § 411(c)(3). From this she concludes that "when [a] plan chooses to allow an alternate form of distribution which is the actuarial equivalent of the normal retirement benefit, such alternate form of benefit becomes an

---

payment of the Vested Retirement Allowance begin at the first day of any month after he attains age 55, in which event such allowance shall be in a reduced amount of Equivalent Actuarial Value to the Vested Retirement Allowance that such Member otherwise would have been entitled to receive beginning at his Normal Retirement Date. (Def.'s Mot. Dismiss Ex. 1.) (emphasis added).

-4-

accrued benefit subject to the vesting requirements of 29 U.S.C. [§] 1053." She provides no other link to § 1053 to explain why early retirement benefits or any other optional forms of settlement should be subject to its vesting requirements.

Without this link, we must leap to follow Plaintiff's logic, and this we are not prepared to do. "Actuarial equivalent" does not mean equal in all respects. It simply means "[t]he amount of accrued pension benefits to be paid monthly or at some other interval so that the total amount of benefits will be paid over the expected remaining lifetime of the recipient." BLACKS LAW DICTIONARY 36 (7th ed. 1999). Thus, an "actuarial equivalent" is an amount, a sum of money, not a complete substitution that includes the timing of eligibility to receive payments. *See Helms v. Local 705 Int'l Bhd. of Teamsters Pension Plan*, No. 97-C4788, 1999 WL 965230, at *7 (N.D. Ill. Sept. 30, 1999).

Plaintiff also argues that the amount of a retirement benefit and the time of the payment are linked as one. She claims that a "plan could be specific as to amount and promise to pay that amount in 10,000 years." Neither ERISA nor the Continental Plan allows for such a scenario. Each caps the trigger date for receipt of benefits at age sixty-five.

Jackson is entitled to one hundred percent of the benefits she accrued when she worked for Continental Corporation. She is just not entitled to them until she reaches the normal retirement age. She will not be denied the "actuarial equivalent" of her "accrued benefits" simply because she will not receive them until she turns sixty-five. Defendant has not violated § 1053 and therefore Count II is dismissed.

Count III

In Count III of her Complaint, Jackson seeks to assert that a "partial termination" of the Continental Plan occurred when Continental merged with CNA and she was effectively terminated from her employment. She claims that this "partial termination" should have entitled her and a class of similar employees to an instant vesting of benefits. She relies on 26 U.S.C. § 411(d)(3), which mandates that, upon partial termination, "the rights of all affected employees to benefits accrued to the date of such termination, partial termination, or discontinuance, to the extent funded as of such date, or the amounts credited to the employees' accounts, are nonforfeitable."

Defendant argues that Jackson has no standing to assert this claim, as she was already a vested employee when the merger took place, and thus her accrued benefits were already nonforfeitable. To have standing, a plaintiff must have suffered an "injury in fact" which is concrete and particularized, and actual or imminent, not hypothetical or conjectural. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). Defendants claim that only non-vested employees could have been injured by the alleged partial termination. Jackson claims that because she was not vested in the early retirement benefits, she maintains an interest in the interpretation of the partial termination provisions of the plan alleged in Count III. She further claims that her vesting status has no bearing on her standing, relying on *Johnson v. Allsteel, Inc.*, 259 F.3d 885 (7th Cir. 2001), in which an employee who had not yet been adversely affected by an alleged ERISA violation was found to have standing to sue. *Id.* at 888. There, however, the court found that the plan's increase in discretion increased the employee's risk of losing his bargained-for benefits, thereby injuring him. *Id.* In this case, only a non-vested employee faced any risk from an alleged partial termination.

Because we have already found that Jackson was fully vested in her accrued benefits at the time of the alleged partial termination, we agree with Defendant that she was not injured as a result. Jackson does not have standing to bring Count III of her Complaint. Therefore, Count III is dismissed.

Count IV

Count IV alleges that Defendant violated ERISA by miscalculating her award. Defendant moves to dismiss Count IV on the basis that Plaintiff did not exhaust administrative procedures before bringing the claim. Plaintiff did exhaust her appeals with Defendant on her claim for immediate distribution of her benefits but never raised a claim of improper calculation with Defendant.[2]

Though ERISA does not speak to the issue of exhaustion, it is well settled that district courts have the discretion to reject a claim where a plaintiff has not yet fully pursued administrative remedies. *Powell v. A.T. & T. Communications, Inc.*, 938 F.2d 823, 825–26 (7th Cir.1991). Public policy favors exhaustion because "the plan's own review process may resolve a certain number of disputes; the facts and the administrator's interpretation of the plan may be clarified for the purposes of subsequent judicial review; and an exhaustion requirement encourages private resolution of internal employment disputes."*Ames v. American Nat'l Can Co.*, 170 F.3d 751, 756 (7th Cir.1999). However, exhaustion requirements may be excused where plaintiff has no meaningful access to

---

[2]Plaintiff's Complaint contradicts itself, stating both that Plaintiff exhausted her administrative remedies with respect to the proper calculation of her pension benefit and that "[b]ased on defendant's refusal to properly explain how her benefits [were] calculated, further administrative appeals were futile." (Pl.'s Compl. Count IV ¶¶ 20–21.) As evidence of pursuing administrative remedies, she attaches a letter from Defendant's representative that speaks only to her claims on receiving her benefits before normal retirement age. Thus, Plaintiff's Complaint asserts that she did not exhaust her remedies with Defendant before filing this claim.

review procedures or where pursuing internal review would prove futile. *Stark v. PPM America, Inc.*, 354 F.3d 666, 671.

Plaintiff claims she was denied access to a full and fair review and that further administrative appeals were futile because of Defendant's incomprehensible explanation of Plaintiff's benefit calculation. A full and fair review is required to "include knowing what evidence the decision-maker relied upon, having an opportunity to address the accuracy and reliability of that evidence, and having the decision-maker consider the evidence presented by both parties prior to reaching and rendering his decision." *Brown v. Ret. Comm. of the Briggs Stratton Ret. Plan*, 797 F.2d 521, 534 (7th Cir. 1986). Here, Plaintiff does not deny she received the evidence the decision-maker relied upon. Instead, she claims that Defendant "refused to provide the information relating to the calculation of [P]laintiff's benefit in a manner understandable to an average person." (Pl.'s Compl. ¶ 14.) However, she points to no authority suggesting that Defendant was required to provide evidence written for a person of average understanding. She could have availed herself of a lawyer if the evidence provided was incomprehensible to her. Given these factors and the strong bias in favor of requiring plaintiffs to exhaust their administrative remedies before filing suit under ERISA, we do not find that Plaintiff was denied access to a full and fair review.

We dismiss this count with the understanding that Jackson will be entitled to pursue an appeal on this claim with Defendant through its administrative procedures.

## Conclusion

Based on the foregoing, we grant Defendant's Motion to Dismiss Counts II, III and IV of Plaintiff's Complaint.

**ENTER:**

_____
**SENIOR UNITED STATES DISTRICT JUDGE**

DATED: DEC 13 2004