IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PATRICIA JACKSON and <br> all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> THE RETIREMENT PLAN FOR <br> THE CONTINENTAL <br> CORPORATION or its successor and <br> CNA as Administrator for the <br> RETIREMENT PLAN FOR THE <br> CONTINENTAL CORPORATION, <br><br> Defendants. | No. 03 C 9399 <br> Paul E. Plunkett, Senior Judge |

## MEMORANDUM OPINION AND ORDER

Patricia Jackson ("Plaintiff") has filed a lawsuit against the retirement plan for the Continental Corporation ("Defendant" or "Plan") alleging violations of the Employee Retirement Income Security Act of 1974, as amended, ("ERISA"), 29 U.S.C. §§ 1001 *et seq.* Jackson requested leave to file a third amended complaint to cure some "technical defects." Leave was granted and Plaintiff filed a complaint that added CNA Financial Corporation ("Defendant" or "CNA"), as administrator for the plan, as a new defendant, and also added a new claim. In addition, Count V of the amended complaint contains assertions from a claim already dismissed by this Court. Defendants now move to dismiss the third amended complaint, arguing that the additional defendant and claim will unduly prejudice them and alleging that Plaintiff acted in bad faith. Defendants also

move to dismiss Count V. Based on the following, we grant Defendants' motion in part and deny it in part.

## Background

Jackson filed a *pro se* complaint in Cook County Circuit Court against CNA Insurance Company, Hewitt Associates, and Dianne Purcell, the Plan Administrator's representative. The defendants removed the case to federal court on December 30, 2003. Jackson filed an amended complaint on April 19, 2004, terminating defendants Diane Purcell, Hewitt Associates and CNA, adding defendants CNA Financial Corporation, CNA Retirement Plan, and Hewitt Associates, Inc. An attorney was later appointed to assist Jackson and, with his aid, she filed five-count complaint on July 19, 2004, against only the retirement plan for the Continental Corporation, alleging ERISA violations. The Plan moved to dismiss three of the counts, and this Court granted that motion on December 13, 2004.

On February 3, 2005, counsel for Plaintiff appeared in this court on her behalf and requested leave to file a third amended complaint. According to a transcript from that hearing, counsel said, "There's just some technical defects. I'm not revisiting any issues that you've already ruled on. Those will rest, and I really don't intend to appeal those, but the existing counts have, I believe, a technical defect, and I need to clear that up." (Defs.' Mot. Dismiss Pl.'s Third Am. Compl., Ex. A.) Leave to amend was granted.

The technical defects Jackson's attorney apparently had in mind were the addition of a new count and new defendant, as well as the revisiting of one of the counts already dismissed. The third amended complaint proposed by Jackson now includes Count V, seeking relief from both the Plan

and CNA, as administrator for the Plan, for failing to provide an explanation of benefit calculations to all participants; and Count VI, seeking to recover from the Plan and CNA for failure to produce plan documents upon request, as required by 29 U.S.C. § 1132(c)(3). Plaintiff says she did not realize that CNA was a proper defendant or that a claim could be brought under § 1132(c)(3) until she conducted additional research.

One of the counts this Court dismissed from the second amended complaint alleged that the Plan miscalculated Plaintiff's retirement award. We found that Plaintiff had failed to exhaust all administrative remedies and dismissed the count, with the understanding that Plaintiff be permitted to pursue this claim through proper administrative procedures. This count has been largely resurrected in the proposed third amended complaint as Count V, which repeats the assertion that "Plaintiff exhausted her administrative remedies with respect to the proper calculation of her pension benefit," though her administrative appeal is still pending. In fact, nearly all of the assertions in Count V are identical to the assertions in the dismissed count. Count V merely adds seven new paragraphs in order to state a claim against CNA and to assert that Plan participants had a right to comprehensible benefit calculations.

Defendants now move to dismiss the third amended complaint because it extends beyond the scope for which leave was granted to amend and because it includes a claim that has already been dismissed by this Court. Plaintiff acknowledges that her request for leave to amend may have been insufficient and therefore renews her request now.

## Discussion

Rule 15(a) provides that when a party seeks leave of court to amend a pleading, it "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). "Rule 15 favors liberal amendment of pleadings in order to insure consideration of claims on their merits." *In re Stavriotis*, 977 F.2d 1202, 1204 (7th Cir.1992). While Federal Rule of Civil Procedure ("Rule") 15(a) directs district courts to grant leave to amend a complaint "when justice so requires," courts have broad discretion to deny motions to amend in cases of undue delay, bad faith or dilatory motives, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice or futility. *Park v. City of Chicago*, 297 F.3d 606, 612 (7th Cir. 2002). In this case, Defendants argue that undue delay has caused them undue prejudice, and that Plaintiff acted in bad faith by misleading the Court.

The proposed amendment, Plaintiff's third, does come somewhat late in the game. But discovery in the case is still ongoing and a date for filing dispositive motions has yet to be set. Under the circumstances, Plaintiff's delay in seeking the amendment is not a sufficient reason to deny the motion. That delay would become more significant, however, if it were coupled with a showing of prejudice to Defendants. But Defendants have made no such showing. Though the Plan has propounded discovery and will likely have to incur additional expense in connection with the discovery on this claim, there is no indication that the financial burden will be so great as to be unduly prejudicial.

Defendants claim that Plaintiff's request carries with it a "broader prejudicial effect.... At some point in litigation, a defendant has a right to know the allegations against it and to defend the case." (Defs.' Reply Supp. Mot. Dismiss Pl.'s Third Am. Compl. at 3.) Yet Defendants do not argue that adding CNA as a defendant and a new claim under § 1132(c)(1) poses unforeseen hurdles

that will require deposing new witnesses or gathering new evidence. Instead, they express amazement that Jackson did not realize earlier that she could recover under § 1132(c)(1) for CNA's alleged failure to produce plan documents upon request, "especially given that Count I alleges that Defendants failed to provide summary plan descriptions and summary annual reports in accordance with ERISA." (*Id.* at 2.) While we understand Defendants' frustrations, we do not find that this prejudice is sufficient to grant Defendant's motion when weighed against the liberal policy favoring amendment.

Defendants also argue that leave to amend should be denied because Plaintiff's counsel's request for leave was made in bad faith. We agree that Plaintiff's stated request to amend to cure "technical defects" grossly understated the nature of the amended complaint she eventually filed. We certainly do not applaud this lapse in candor, but we see no tactical advantage to purposefully concealing Jackson's true objective in this manner. We therefore do not believe that counsel's error was made in bad faith and will allow the third amended complaint to stand, with one exception.

Despite this Court's dismissal, for failure to exhaust, of Plaintiff's earlier claim that her benefit was improperly calculated, Count V of the third amended complaint contains nearly the same language as the earlier claim, including the assertion that "Plaintiff exhausted her administrative remedies with respect to the proper calculation of her pension benefit." (Pl.'s Compl. ¶ 21.) Plaintiff now explains that this language was included because she administratively appealed after this claim after our dismissal and is currently awaiting the outcome. She would like us to assume *arguendo* that this appeal will be denied and that this claim would once again need to be filed before this Court. We choose not to assume. We agree with Defendants that allowing this claim to remain would require Defendants "to waste time and energy answering claims that are not yet ripe—which

that will require deposing new witnesses or gathering new evidence. Instead, they express amazement that Jackson did not realize earlier that she could recover under § 1132(c)(1) for CNA's alleged failure to produce plan documents upon request, "especially given that Count I alleges that Defendants failed to provide summary plan descriptions and summary annual reports in accordance with ERISA." (*Id.* at 2.) While we understand Defendants' frustrations, we do not find that this prejudice is sufficient to grant Defendant's motion when weighed against the liberal policy favoring amendment.

Defendants also argue that leave to amend should be denied because Plaintiff's counsel's request for leave was made in bad faith. We agree that Plaintiff's stated request to amend to cure "technical defects" grossly understated the nature of the amended complaint she eventually filed. We certainly do not applaud this lapse in candor, but we see no tactical advantage to purposefully concealing Jackson's true objective in this manner. We therefore do not believe that counsel's error was made in bad faith and will allow the third amended complaint to stand, with one exception.

Despite this Court's dismissal, for failure to exhaust, of Plaintiff's earlier claim that her benefit was improperly calculated, Count V of the third amended complaint contains nearly the same language as the earlier claim, including the assertion that "Plaintiff exhausted her administrative remedies with respect to the proper calculation of her pension benefit." (Pl.'s Compl. ¶ 21.) Plaintiff now explains that this language was included because she administratively appealed after this claim after our dismissal and is currently awaiting the outcome. She would like us to assume *arguendo* that this appeal will be denied and that this claim would once again need to be filed before this Court. We choose not to assume. We agree with Defendants that allowing this claim to remain would require Defendants "to waste time and energy answering claims that are not yet ripe—which

is why Courts require ERISA claims to be exhausted in the first place." (Defs.' Reply Supp. Mot. Dismiss Pl.'s Third Am. Compl. at 3.) We also feel that it would undermine CNA's administrative appeals process, suggesting that the process is futile before it has been proven so. Therefore, Count V of Plaintiff's third amended complaint is dismissed with leave to re-file this claim when Plaintiff's administrative remedies are truly exhausted.

## Conclusion

For the reasons set forth above, Defendants' motion to dismiss is granted in part and denied in part. Count V of Plaintiff's third amended complaint is dismissed with leave to move to reinstate. The remaining counts of Plaintiff's third amended complaint stand.

**ENTER:**

*[signature]*

**UNITED STATES DISTRICT JUDGE**

**DATED:** APR 28 2005